FILED
U.S. DISTRICT COURT
DIV.
2011 MAR 31 AM
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

BOBBY REX STRIBLING, JR.,

Plaintiff,

v.  :  CIVIL ACTION NO.: CV210-069

JOHN CARTER, Sheriff;
GARY "BO" JACKSON, Captain;
and JAMES BUNCH, Sgt.,

Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently incarcerated at Hancock State Prison in Sparta, Georgia, filed an action pursuant to 42 U.S.C. § 1983. Defendants filed a Motion for Summary Judgment. (Doc. No. 48). Plaintiff filed a Response.[1] For the following reasons, Defendants' Motion for Summary Judgment should be **GRANTED**.

## STATEMENT OF THE CASE

Plaintiff was a pretrial detainee at Wayne County Detention Center on June 18, 2009, when he was attacked by another inmate, Columbus Leggett. Leggett had no known history of violence prior to the attack, and the attack was unanticipated by Plaintiff and Defendants. Defendants took action to subdue Leggett without using any force against Plaintiff. Plaintiff suffered two skin lacerations and a knee injury. Plaintiff

---

[1] Plaintiff's Response was titled and docketed as a Motion for Summary Judgment. Upon review, it is obvious that Plaintiff's filing is instead a response to Defendants' Motion. (See Doc. No. 58).

AO 72A
(Rev. 8/82)

states his injuries have all healed. Plaintiff did not file a grievance about this incident. He filed a grievance nine months after the attack regarding the general mixing of inmates.

In their Motion, Defendants assert Plaintiff has not put forth any evidence entitling him to relief on his failure to protect and deliberate indifference claims, that they are entitled to Eleventh Amendment immunity on Plaintiff's claims against them in their official capacities, that they are entitled to qualified immunity, that Plaintiff failed to exhaust his administrative remedies, and that Plaintiff's injunctive relief claims are moot. (Doc. No. 48-1).

## **STANDARD OF REVIEW**

Summary judgment "shall" be granted if "the movant[s] show[ ] that there is no genuine dispute as to any material fact and that the movant[s are] entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "A dispute about a material fact is genuine and summary judgment is inappropriate if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. However, there must exist a conflict in substantial evidence to pose a jury question." Hall v. Sunjoy Indus. Grp., Inc., ___ F. Supp.2d ___, 2011 WL 589830, at *2 (M.D. Fla. Feb. 18, 2011) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986)), and (Verbraeken v. Westinghouse Elec. Corp., 881 F.2d 1041, 1045 (11th Cir. 1989)).

The moving parties bear the burden of establishing that there is no genuine dispute as to any material fact and that they are entitled to judgment as a matter of law. See Williamson Oil Co., Inc. v. Philip Morris USA, 346 F.3d 1287, 1298 (11th Cir. 2003). Specifically, the moving parties must identify the portions of the record which establish

that there are no "genuine dispute[s] as to any material fact and the movant[s] [are] entitled to judgment as a matter of law." Moton v. Cowart, 631 F.3d 1337, 1341 (11th Cir. 2011). When the nonmoving party would have the burden of proof at trial, the moving parties may discharge their burden by showing that the record lacks evidence to support the nonmoving party's case or that the nonmoving party would be unable to prove his case at trial. See id. (citing Celotex v. Catrett, 477 U.S. 317, 322-23 (1986)). In determining whether a summary judgment motion should be granted, a court must view the record and all reasonable inferences that can be drawn from the record in a light most favorable to the nonmoving party. Peek-A-Boo Lounge of Bradenton, Inc. v. Manatee Co., Fla., 630 F.3d 1346, 1353 (11th Cir. 2011).

## DISCUSSION AND CITATION TO AUTHORITY

The Prisoner Litigation Reform Act ("PLRA") mandates that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner . . . until such administrative remedies as are available are exhausted. 42 U.S.C. § 1997e(a). "When a state provides a grievance procedure for its prisoners, . . . an inmate alleging harm suffered from prison conditions must file a grievance and exhaust the remedies under that procedure before pursuing a § 1983 lawsuit. Johnson v. Meadows, 418 F.3d 1152, 1156 (11th Cir. 2005). To exhaust administrative remedies in accordance with the PLRA, prisoners must "properly take each step in the administrative process." Id. at 1158. An inmate "must file complaints and appeals in the place, and at the time, the prison's administrative rules require." Id. Prison officials must have an opportunity to address the grievance internally and rule on the grievance before the inmate files a complaint in federal court. Id.

The Wayne County Detention Center Operations Manual provides that a detainee must file a written grievance within five days of the incident complained of, or within five days of when he reasonably should have discovered the incident. (Doc. No. 48-4, p. 6). Here, Plaintiff waited nine months to file a grievance, and Plaintiff admitted that he did not appeal his grievance to the highest possible level in the administrative process. (Doc. No. 1, p. 4). Plaintiff failed to exhaust his administrative remedies as required by the PLRA.

It is unnecessary to address Defendants' remaining arguments.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendants' Motion for Summary Judgment be **GRANTED**. Plaintiff's claim should be **DISMISSED** without prejudice.

**SO REPORTED AND RECOMMENDED**, this 31st day of March, 2011.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE